**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HILLTOP RANCH AND VINEYARD, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>    Defendants. | Case No. 18-cv-00415-BLF<br><br>**ORDER SEVERING AND REMANDING PETITION FOR WRIT OF ADMINISTRATIVE MANDAMUS; STAYING FEDERAL CASE; TERMINATING DEFENDANTS' MOTION TO DISMISS AS MOOT** |

On December 15, 2017, Plaintiff Hilltop Ranch and Vineyard, LLC ("Hilltop") filed a Verified Petition for Writ of Administrative Mandamus and Complaint in the Monterey County Superior Court. *See* ECF 1 at 7-20. On January 19, 2018, Defendant County of Monterey (hereafter, the "County") removed the case to this Court pursuant to 28 U.S.C. § 1331, federal question jurisdiction, because the Complaint contains a cause of action pursuant to 42 U.S.C. § 1983, as well as alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution. *See* ECF 1.

On January 26, 2018, this Court issued an Order to Show Cause ("OSC") Why the Court Should not Sever and Remand the Petition for Writ of Mandate to State Court, and set a briefing schedule. *See* ECF 9. The Court informed the parties that if it determines that partial remand is appropriate, it would stay the federal claims pending resolution of the writ of mandate proceeding. *Id*. The County responded, arguing that Hilltop's constitutional claims are so intertwined with its

claim for administrative mandamus, that to sever and stay the federal due process claims would result in duplicative litigation and risk obtaining conflicting results. *See* ECF 14.[1] The County does not explain how there would be potentially duplicative results if the federal claims were *stayed* while the overlapping issues in relation to the mandamus action proceeded in state court.

Hilltop responded to the OSC as well, and requested that the Court sever and remand the administrative mandamus action brought pursuant to California Code of Civil Procedure ("CCP") § 1094.5 because it is an exclusively state procedural remedy involving complex issues of state law. *See* ECF 18. Moreover, Hilltop pointed out that its claims not only implicate the federal Constitution but also arise under Article I, § 7 of the California Constitution. *Id*. at 3 ("That Hilltop insists its due process rights were violated under the United States Constitution does not vitiate or obfuscate Hilltop's claims brought pursuant to the California Constitution and CCP § 1094.5.")

The parties agree that it is within the discretion of the Court to exercise supplemental jurisdiction over the California mandamus action. *See* ECF 14, 18. CCP § 1094.5 "is a state remedy, not a federal remedy," and this Court therefore "has no jurisdiction to hear [a 1094.5] claim." *Clemes v. Del Norte County Unified School District*, 843 F. Supp. 583, 596 (N.D.Cal. 1994), *overruled on other grounds by Maynard v. City of San Jose*, 37 F. 3d 1396, 1403 (9th Cir. 1994). The only basis for the Court to exercise jurisdiction over Hilltop's administrative mandamus claim is to exercise supplemental jurisdiction.

A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case

---

[1] Regardless of how the County characterizes Hilltop's claims, the County cannot dispute that the petition for writ of administrative mandamus is a state law claim. Even if the asserted bases for issuance of the writ are the County's alleged violations of both federal and state law, the claim remains a state law claim. *See Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 346 (9th Cir. 1996) (holding when a state law claim "can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim").

or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under § 1367(c), however, a district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim where one or more of the following circumstances exists:

>   (1) the claim raises a novel or complex issue of State law,
>
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Ninth Circuit has held that § 1367 requires that the court exercise supplemental jurisdiction pursuant to § 1367(a) unless such exercise would destroy diversity jurisdiction or one of the specifically enumerated exceptions set forth in § 1367(c) applies. *Executive Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994). While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), that discretion is further informed by "judicial economy, convenience, fairness, and comity"—the *Gibbs* factors. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

The Court finds that § 1367(c)(1) and (4) apply to the administrative mandamus claim in this case. Hilltop's petition for a writ of mandate pursuant to CCP § 1094.5 involves complex issues of state law. 28 U.S.C. § 1367(c)(1). CCP § 1094.5 provides a state procedure by which to challenge an administrative decision through a writ of administrative mandamus. *See, e.g.*, *Environmental Prot. Info. Ctr. v. California Dept. of Forestry & Fire Prot.,* 44 Cal.4th 459, 516, 80 Cal.Rptr.3d 28, 187 P.3d 888 (2008) ("Administrative agency decisions in which discretion is exercised may generally be challenged by a writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5."). This is *exclusively* a state procedural remedy, and involves complex issues of state law. *See, e.g.*, *Tomlinson v. County of Monterey,* 2007 WL 2298038, at *2 (N.D. Cal. Aug. 7, 2007) (declining to exercise supplemental jurisdiction over a mandamus claim, noting that "grounds to decline jurisdiction over plaintiff's mandamus action exist under 28 U.S.C.

3

§ 1367(c)(1)," and "[s]imply because other courts have elected to decide state mandamus claims ... does not persuade this court that it should do the same"); *City Limits of N. Nev., Inc. v. County of Sacramento,* 2006 WL 2868950, at *3, (E.D. Cal. Oct.5, 2006) (declining to exercise supplemental jurisdiction over a mandamus claim pursuant to § 1367(c)(1) because the "state claim involves mandamus proceedings that are uniquely in the interest and domain of state courts.")

Accordingly, even if Hilltop is ultimately able to plead a federal civil rights claim in this Court, the Court declines to exercise supplemental jurisdiction over Hilltop's state law mandamus claim pursuant to 28 U.S.C. § 1367(c)(1).

The Court further finds that issues of "judicial economy, convenience, fairness, and comity" weigh in favor of remanding the administrative mandamus action to state court. "A California citizen is suing a California governmental entity under California law." *Mory v. City of Chula Vista*, 2011 WL 777914 at *2 (S.D. Cal. March 1, 2011). As such, California has an overwhelming interest in adjudicating the administrative mandamus action in its state courts. *Id*. Even if this Court may exercise supplemental jurisdiction over the California mandamus action while the federal claims are pending, doing so "raises serious considerations regarding comity and federalism." *Clemes*, 843 F.Supp. at 596. Federal district courts routinely decline to exercise supplemental jurisdiction over California writ of mandate claims for reasons of judicial economy, convenience, fairness, and comity. *See, e.g.*, *Mory*, 2011 WL 777914 at *2 (S.D. Cal. March 1, 2011); *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1184 (E.D. Cal. 2013); *Pac. Bell Tel. Co. v. City of Walnut Creek*, 428 F. Supp. 2d 1037, 1055 (N.D. Cal. 2006).

Thus, in addition to the complex issues of state law raised by the petition, "other compelling reasons for declining jurisdiction" also exist. 28 U.S.C. § 1367(c)(4); *see also Clemes*, 843 F. Supp. 596 (finding that "[i]t would be entirely inappropriate for a federal court, through exercise of its supplemental jurisdiction, to impose itself upon [writ of mandate] proceedings.")

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Hilltop's petition for writ of administrative mandamus. 28 U.S.C. § 1367(c)(1), (4). Since the state claim involves mandamus proceedings that are uniquely in the interest and domain of state courts, and the parties do not dispute that the Court may decline to exercise supplemental

4

jurisdiction, the Court hereby ORDERS as follows:

(1) The administrative mandamus petition is hereby SEVERED and REMANDED to the Superior Court of the State of California for the County of Monterey;

(2) Because the administrative mandamus action and Hilltop's civil complaint seek to remedy alleged harm that the parties agree are "intertwined" with each other, the Court STAYS the remaining federal action in its entirety pending the outcome of the administrative mandamus proceeding in state court;

(3) Hilltop is hereby ORDERED to notify this Court of the outcome of the mandamus proceeding within seven (7) days of a decision;

(4) The County's pending Motion to Dismiss is TERMINATED AS MOOT and may be re-filed or re-noticed within fourteen (14) days of the lifting of the stay;[2]

(5) The Clerk is directed to sever only the petition for writ of administrative mandamus from this action and remand it to the Monterey County Superior Court.

**IT IS SO ORDERED.**

Dated: February 23, 2018

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] The hearing on the County's motion to dismiss scheduled for March 29, 2018 is VACATED accordingly and will be rescheduled upon the County re-filing or re-noticing a motion to dismiss.

5